IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**CHARLES EDWARD PATTERSON,**

      Petitioner,

v.                                                           **Case No. 2:13-cv-03825**

**DARRELL V. MCGRAW, JR,.
JOE THORNTON, MAPS Secretary,
and TERRY SWECKER, Director of SORA,**

      Respondents.[1]

**PROPOSED FINDINGS AND RECOMMENDATION**

On February 28, 2013, the Clerk's Office received a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 2) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), filed by Charles Edward Patterson (hereinafter "the petitioner"). Also pending is the petitioner's Motion to Proceed in Federal Court on Writ of Habeas Corpus under 2254(d) (ECF No. 7).

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

---

[1] The petitioner has listed the former Attorney General of the State of West Virginia, the Secretary of the Department of Military Affairs and Public Safety ("MAPS"), and the Director of the West Virginia Sex Offender Registration Program ("SORA") as respondents herein. The proper respondent in a habeas corpus matter is the petitioner's custodian. Because the petitioner is not presently in custody, he has no custodian.

## **PROCEDURAL HISTORY OF PETITIONER'S CASE[2]**

According to the petitioner's Memorandum, the petitioner was one of three defendants charged with sexual offenses in a six-count indictment in the Circuit Court of Kanawha County during the September 1988 term (Case No. 88-F-414). (ECF No. 3). The petitioner states that, on an unspecified date, he and another male, Anthony Foye, were sitting in the area of the transit mall in Charleston, West Virginia, when they saw two other males, Eric Long and Ron Render, with the alleged victim, L.B., a very intoxicated white female. Foye was in possession of a car, and the group decided to drive to a housing complex near Twilight Drive. The petitioner drove the car, as he was the only person who had an operator's license.

The petitioner contends that, when they got to the housing complex, he was told to keep driving up the road for about 300 yards. At that point, according to the petitioner, Long, Render and the alleged victim got out of the car, and Long and the alleged victim got into an argument, which lasted about 20-25 minutes. The petitioner contends that he rolled down the window and told Long and Render that he and Foye were leaving. He states that the alleged victim had staggered over an embankment, cussing and hollering, and that she was coming back up the embankment when Long and Render re-entered the vehicle. The petitioner does not provide any further information about what happened after that moment, or any facts or information about what led to his arrest.

---

[2] The Petition and accompanying exhibits (ECF No. 2) and the Memorandum in support thereof (ECF No. 3), do not provide complete information, and the files from the petitioner's criminal case and 1994 habeas corpus matter are believed to have been archived by the Circuit Court of Kanawha County, and are not readily accessible to verify the procedural history. Nevertheless, because it is clear from the face of the petition that the petitioner is not entitled to relief in this federal court, no response has been required from the respondents.

The petitioner, who was represented in his criminal proceedings by attorneys Roger Hunter and Monica Kominski, ultimately entered a guilty plea to one count of aiding and abetting second degree sexual assault. (ECF No. 2 at 1). On May 25, 1989, the petitioner was sentenced to 10 to 20 years in prison. *Id.* According to the petition, the petitioner's direct appeal was refused by the Supreme Court of Appeals of West Virginia (the "SCAWV") sometime in 1991 or 1992. (*Id.* at 2). He states that the petition for appeal raised claims of ineffective assistance of counsel, that there was no factual basis for his guilty plea, and sentence disparity. (*Id.*)

The petition further indicates that the petitioner filed a motion to set aside and vacate his guilty plea on or about November 27, 1989. (*Id.* at 3). In that motion, the petitioner states that he, again, raised claims of ineffective assistance of counsel and that there was no factual basis for his guilty plea. (*Id.*) According to the petition, that motion was denied without a hearing on November 30, 1989. (*Id.*)

The petition further indicates that the petitioner filed a Petition for a Writ of Mandamus in the Circuit Court of Kanawha County on or about June 3, 1994 (Case No. 94-W-14). It appears that this petition was treated as a Petition for a Writ of Habeas Corpus, again raising claims concerning ineffective assistance of counsel, no factual basis for his guilty plea, and a sentence disparity. (*Id.* at 4). The petition indicates that an evidentiary hearing was held in that matter, after which the petition was denied, on or about June 16, 1995. (*Id.*) The petition does not indicate whether the petitioner appealed that decision.

Although not addressed in the petition document itself, the exhibits accompanying the petition appear to indicate that the petitioner filed another proceeding in the Circuit Court of Kanawha County, in which a judgment, apparently

3

disfavorable to the petitioner, was rendered on August 18, 2009. On December 7, 2009, the petitioner appealed that judgment, and the appeal was refused by the SCAWV on September 9, 2010. (ECF No. 2-2 at 1). The exhibits further indicate that the petitioner attempted to file a Petition for a Writ of Habeas Corpus in the SCAWV, presumably under its original jurisdiction, on or about December 13, 2011. According to a letter from the Clerk of the SCAWV, that petition was not accepted because the petitioner was not in custody at that time. (ECF No. 2-2 at 2).

According to the exhibits, the petitioner also filed a Petition for a Writ of Prohibition in the SCAWV on or about February 23, 2012, which was refused on June 19, 2012. (ECF No. 2-2 at 3-4.) The respondent in that matter was Ms. Swecker, the Director of the West Virginia Sex Offender Registry. Presumably, this petition concerned the petitioner's requirement to register as a sex offender and the duration of the registration requirement.

The petition further indicates that the petitioner filed either a Petition for a Writ of Habeas Corpus or a Petition for a Writ of Mandamus in the SCAWV on or about February 6, 2012. (ECF no. 2 at 4.) According to the petition, the 2012 SCAWV petition raised claims of ineffective assistance of counsel, newly discovered evidence, and a challenge to the length of the petitioner's sex offender registration requirement. (*Id.*) The petitioner states that the SCAWV petition was denied on June 19, 2012. (*Id.* at 5).

The petitioner then filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 2) on February 28, 2013. Because it is apparent from the face of the petition that the petitioner is not entitled to any relief in this court, the respondent has not been served with the petition and should not be required to answer.

## **THE PETITIONER'S CLAIMS**

The petitioner claims that, following the discharge of his sentence, in the course of mounting a challenge to the length of his sex offender registration requirement, he discovered a "forensic medical report" indicating that there was no semen found when the alleged victim was examined on or about August 19, 1988. The petitioner maintains that this is material, exculpatory evidence, as addressed in *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and that the failure of the State to disclose this evidence to him during his criminal proceedings violated his rights under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution, and Article III, section 14 of the West Virginia Constitution. The petitioner further maintains that this evidence demonstrates that he is actually and factually innocent of the charge of which he was convicted. The petitioner further asserts that his trial counsel coerced him into pleading guilty, after they failed to properly investigate his case.

The section 2254 petition itself raises the following three grounds for relief:

**Ground One:** West Virginia Prosecuting Attorney's Office withheld evidence of exculpatory nature that was material and favorable to petitioner.

Petitioner was never given nor shown a copy of Brady Material that was favorable to petitioner (i.e. The medical report of forensic test which was given to the victim August 18, 1988 where there was no conclusive evidence that a sexual assault occurred.) Petitioner while reviewing files in his case 88-F-414 in the Kanawha County Circuit Clerk's office discovered the medical report in petitioner's files, petitioner had never saw [sic; seen] this report at any time prior to June 15, 2009, while petitioner was allowed to copy his file in preparation to filing a Motion to Show Cause why petitioner was given a life sentence on the WV SORA. During petitioner's 10 years of incarceration and post-conviction habeas filed by the attorneys and as well as pro-se litigation this report had never surfaced. The State of West Virginia either withheld this Brady Material or it was not in the open file that the State's prosecuting attorney's office so readily uses in West Virginia. Petitioner should not be procedurary [sic; procedurally] barred [as] the Brady Material was discovered 22 years later while petitioner was

challenging being on the WV SORA. (SEE Attached Memorandum and Exhibit 1 Attached The Medical Report).³

(ECF No. 2 at 6).

**Ground Two:** Petitioner was Rendered Ineffective Assistance of Counsel.

Petitioner was denied effective assistance of counsel were [sic; where] counsel failed to get Brady material favorable to petitioner, counsel failed to do any type of investigating in petitioner's case or to interview the Doctor who administered the sexual assault test to victim when petitioner was pleading with his attorneys to get him a DNA test to prove his innocence. Petitioner's counsel also did not explain the true nature and elements of aiding and abetting. (See Attached Memorandum Exhibit 7).

(*Id.* at 8).

**Ground Three:** No Factual Basis for Petitioner's Guilty Plea.

Petitioner was misinformed by counsel [as] to the nature and elements of aiding and abetting second degree sexual assault and what the State of West Virginia would have to prove to convict petitioner. (See Attached Memorandum and Exhibit # 7).

(*Id.* at 9).

The petitioner asks this court to find that his *Brady* claim is not procedurally barred and that he be granted an evidentiary hearing on the issues raised in his petition.

The petitioner's Memorandum addresses the *Brady* claim in pertinent part:

The petitioner proffer[s] "The victim's medical report has never been a part of his case." The petitioner argues "**The newly discovered scientific evidence is material and raise[s] a** *Constitutional question[s] under '***Brady***'.*" Petitioner Patterson assert[s] the scientific evidence in question is not cumulative in nature but indicate[s] that the victim was "**possible sexual assault**" *see Petitioner's Exhibit 1 [***the examining medical report dated 8/19/88***]*.

---

³ The undersigned notes that Exhibit 1 to his petition is not a forensic medical report and provides no narrative about any results that were obtained from any examination or testing concerning the alleged victim. Rather, Exhibit 1 consists of two invoices for laboratory and x-ray services performed on August 19, 1988. Even if the petitioner could successfully raise these claims in this federal court, the evidence produced by the petitioner does not appear to be exculpatory.

6

### *EXCULPATORY SCIENTIFIC EVIDENCE*

The petitioner argues "the examining physician Doctor Frame noting his observation stated in the *medical examination report* {***does not speak to finding any semen in the victim's vagina or in her clothing***}

*The petitioner argues this key piece [of] evidence* **withheld from the petitioner's case was material because** the report was unable to insure conclusive[ly] that ***a rape was committed and that the petitioner or his alleged co-defendants*** *[Render and Long] committed such an act.*

**The petitioner ask[s] the court to take judicial notice he had asked for a DNA test to determine if he was involved in the alleged sexual assault the record is clear now why the State of West Virginia declined such a request** [*because no semen was found to test against his to make a statistic comparison*].

The petitioner proffers he had never saw [sic; seen] this report until he found it [i.e. the medical examination report] in the Kanawha County Circuit Court files labeled Eric Long (Patterson) with case number **88**-**F**-**414**. Also in this file there was a letter from the Director of the Sexual Register Ms. Terri Swecker asking for help to classify the petitioner for the sexual register.

(ECF No. 3 at 3) [Emphasis in original].

### ANALYSIS

Section 2254(b)(1) of Title 28 of the United States Code governs "an application for habeas corpus on behalf of a person <u>in custody</u> pursuant to the judgment of a State court only on the grounds that he is <u>in custody</u> in violation of the Constitution and laws of the United States." 28 U.S.C. § 2254(b)(1) [Emphasis added].

The petitioner is not in custody pursuant to the judgment of a state court, as he has already discharged his state sentence. Moreover, the fact that the petitioner is subject to a registration requirement under the Sex Offender Registration Act is not sufficient to qualify him as being "in custody." *See Wilson v. Flaherty*, 689 F.3d 332, 336-338 (4th Cir. 2012) (noting that the Supreme Court has never held that a defendant

7

whose sentence has fully expired may still be "in custody" and that every court of appeals to consider the matter of whether the burden of sex offender registration qualifies as custody has uniformly rejected such an argument).

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner cannot satisfy the custody requirement under section 2254(b)(1) and, thus, this court lacks jurisdiction to consider the petitioner's claim under section 2254.

As further noted in the *Wilson* opinion, however, individuals seeking relief concerning fundamental errors related to their prior conviction who are no longer in custody are not necessarily without remedy, as they may be able to pursue relief through a petition for a writ of error *coram nobis* in state court, if the state court recognizes such a remedy. 689 F.3d at 339. However, the petitioner may not seek *coram nobis* relief in this federal court. *See, e.g., Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964); *In re Shelton*, 1 Fed. App'x 149 (4th Cir. 2000) (per curiam) (unpublished); *Campbell v. DeWalt*, 2010 WL 2901874 at *2 (S.D. W. Va. July 21, 2010) (federal district courts lack jurisdiction to issue writs of error *coram nobis* to set aside judgments of state courts).

Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that this federal court also lacks jurisdiction to consider the petitioner's petition as one for *coram nobis* relief.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's section 2254 petition (ECF No. 2), for lack of jurisdiction, **DENY** the petitioner's Motion to Proceed in Federal Court on Writ of Habeas Corpus under 2254(d) (ECF No. 7), and **DENY** the petitioner's

8

Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), but waive the applicable filing fee.

The petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner.

November 22, 2013
   Date

Dwane L. Tinsley
United States Magistrate Judge