## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

CHARLES EDWARD PATTERSON,

               Petitioner,

v.                                 CIVIL ACTION NO.  2:13-cv-03825

DARRELL V. MCGRAW, JR., et al.,

               Respondents.


### MEMORANDUM OPINION AND ORDER

Pending is Petitioner Charles Edward Patterson's ("Petitioner") pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 (ECF 2), application to proceed without prepayment of fees and costs (ECF 1), and motion to proceed on a writ of habeas corpus (ECF 7).  This action was referred to former United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation for disposition ("PF&R").  (ECF 4.)  Following Magistrate Judge Stanley's retirement, this action was transferred to United States Magistrate Judge Dwane L. Tinsley.  (ECF 6.)  On November 22, 2013, Magistrate Judge Tinsley submitted his PF&R recommending that this Court dismiss Petitioner's 2254 petition for lack of jurisdiction and deny Petitioner's other pending motions.  (ECF 8 at 8−9.)  On December 6, 2013, Petitioner requested an enlargement of time in which to respond to the PF&R (ECF 9), which request the Court granted (ECF 10).  Thereafter, Petitioner filed timely objections to the PF&R on January 6, 2014.  (ECF 11.)

## I.    BACKGROUND

According to Petitioner's petition and memorandum, he was charged with various sexual offenses in the Circuit Court of Kanawha County during the September 1988 term.  (ECF 3.)  Petitioner ultimately entered a guilty plea to one count of aiding and abetting second degree sexual assault. (ECF 2 at 1.)   At some point thereafter, and prior to the filing of the instant petition, Petitioner discharged his state sentence.  (ECF 2-2 at 2.)  Petitioner asserts that he is still required to register as a sex offender as a result of this conviction.  (ECF 11 at 3−4, 11-2 at 1.)

The complete factual and procedural history of this case as well as a detailed review of Petitioner's claims are set forth in the PF&R and need not be repeated here.

The PF&R rejects Petitioner's claims because Petitioner has already discharged his state sentence and is therefore not in custody pursuant to the judgment of a state court.  The PF&R further recommends that the fact that Petitioner is subject to certain registration requirements under the West Virginia Sex Offender Registration Act ("SORA") does not qualify him as being in custody, pursuant to the Fourth Circuit's decision in *Wilson v. Flaherty*, 689 F.3d 332 (4th Cir. 2012).  Accordingly, the PF&R proposes that this Court find that it lacks jurisdiction to consider Petitioner's claim under section 2254(a).[1]

## II.    STANDARD OF REVIEW

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140,

---

[1] The PF&R quotes the habeas statute's custodial requirement citing to 28 U.S.C. § 2254(b)(1).  (ECF 8 at 7.)  The quoted language, however, actually appears at 28 U.S.C. § 2254(a).

2

150 (1985).  In addition, this Court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In reviewing those portions of the PF&R to which Petitioner has objected, this Court will consider the fact that Plaintiff is acting pro se, and his pleadings will be accorded liberal construction.  *Estelle v. Gamble,* 429 U.S. 97, 106, (1976); *Loe v. Armistead,* 582 F.2d 1291, 1295 (4th Cir. 1978).

### III.    DISCUSSION

Initially, the Court observes that Petitioner's pro se "Opposition and Objection" to the PF&R (ECF 11) is at times quite difficult to comprehend.  To the extent that objections to the PF&R can be discerned from Petitioner's filing, however, they have been afforded a liberal construction.

#### A.  Habeas Custodial Requirement

Section 2254 habeas relief is available only to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  "The Supreme Court has construed this provision to be jurisdictional and to require that 'the habeas petitioner be *'in custody' under the conviction or sentence under attack* at the time his petition is filed.'"  *Wilson v. Flaherty,* 689 F.3d 332, 336 (4th Cir. 2012) (citing *Maleng v. Cook,* 490 U.S. 488, 490–91 (1989) (emphasis added by *Wilson* court).

As the Magistrate Judge observes, in *Wilson v. Flaherty* the Fourth Circuit held that being subject to sex offender registration requirements does not place an individual in custody so as to

3

satisfy the jurisdictional requirement for a federal habeas case under section 2254(a).  689 F.3d at 337−38.

Here, the Magistrate Judge recommends dismissal of this action because Petitioner is not in custody for purposes of section 2254.  Petitioner appears to make three objections to the Magistrate Judge's recommendation, each of which the Court will consider in turn.

First, Petitioner appears to argue, notwithstanding the holding in *Wilson*, that he is custody for purposes of habeas jurisdiction because he is subject to various requirements under SORA.  (ECF 11 at 3−4).  Contrary to Petitioner's contention, however, *Wilson* directly rejected such an argument.  689 F.3d at 338−39.  That decision is directly on point to the situation presented here and binding on this court.[2]  *United States v. Brown*, 74 F. Supp. 2d 648, 652 (N.D. W. Va. 1998) (explaining that a district court is bound by the precedent set by its Circuit Court of Appeals).

Second, Petitioner asserts that the Court should create a "legal fiction" that petitioners subject to sex offender registrations but not otherwise serving a sentence are considered to be "in custody" for habeas purposes.  (ECF 11 at 5.)  Such a "legal fiction," however, would be directly contrary to the Fourth Circuit's holding in *Wilson*.  *See Brown*, 74 F. Supp. 2d at 652.

Third, Petitioner contends that the Court should adopt the analysis advocated by the dissenting opinion in *Wilson*.  (ECF 11 at 12.)  Contrary to Petitioner's argument, however, "it is the duty of a district judge to follow majority opinions, not dissenting ones."  *United States v. Kahn*, 251 F. Supp. 702, 708 (S.D.N.Y. 1966); *see also Sierra Club v. United States Army Corps*

---

[2] To the extent that Petitioner alleges—for the first time in his objections to the PF&R—that he was arrested in 2011 for a SORA violation (ECF 11 at 3−4), the Court observes that Petitioner also asserts that these charges were subsequently dismissed (ECF 11 at 4).  Petitioner is not, therefore, in the class of offenders who are *presently* in custody and which were discussed in dicta by the *Wilson* court.  *See Wilson*, 689 F.3d at 337 n.2 *and id.* at 341 n.2 (Wynn, J. dissenting).

*of Engineers*, 13-CV-1239 (KBJ), 2013 WL 6009919, at *15 (D.D.C. Nov. 13, 2013) (observing that a dissenting opinion of a circuit court opinion has no precedential value).

In sum, Patterson's objections are unpersuasive.  The Court agrees with the Magistrate Judge that, pursuant to *Wilson*, Petitioner is not "in custody" and that, accordingly, the Court lacks jurisdiction over this habeas action.

### B.  *Availability of the Writ of Error Coram Nobis*

Petitioner also objects to the PF&R's recommendation that, notwithstanding his ineligibility for habeas relief, Petitioner may be able to pursue relief through a petition for a writ of error coram nobis *in state court*.  (ECF 11 at 10−11.)  The *Wilson* court made a similar observation with respect to the possible remedy of the writ of error coram nobis, which writ "affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody."  689 F.3d at 339.

Petitioner appears to contend that the Magistrate Judge erred in determining that Petitioner cannot pursue relief through a petition for a writ of error coram nobis *in this court*. (ECF 11 at 10−11.)  Contrary to Petitioner's argument, however, "[i]t is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments." *Sinclair v. State of La.*, 679 F.2d 513, 514 (5th Cir. 1982); *see also In re Egan*, 339 F. App'x 314, 315 (4th Cir. 2009) (unpublished) ("The writ of error coram nobis may not be used to set aside a state conviction."); *Campbell v. Dewalt*, CIV.A. 1:09-0814, 2010 WL 2901874, at *2 (S.D. W. Va. July 21, 2010) (Faber, J.) ("District courts lack jurisdiction to issue writs of *coram nobis* to set aside judgments of state courts.") (citing *Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006)).

*United States v. Bazuaye*, 399 F. App'x 822 (4th Cir. 2010), on which Petitioner relies, is not to the contrary. In *Bazuaye*, the petitioner sought a writ of error coram nobis in federal court to void a prior guilty plea to a violation of 18 U.S.C. § 1029(a)(3). 399 F. App'x at 823−24. *Bazuaye*, therefore, is distinguishable in that it concerned a federal court reviewing a federal conviction. In contrast, Petitioner seeks to challenge in federal court a West Virginia state criminal conviction. As discussed above, the writ may not be used in federal court to set aside a state conviction.

To the extent that Petitioner also objects to the Magistrate Judge's conclusion that such a remedy *may* be available to him, the Court observes the Magistrate Judge's suggestion is just that—a suggestion. *See Wilson*, 689 F.3d at 339. This suggestion is unrelated to the Court's holdings regarding the lack of available relief in this Court for Petitioner's claims, whether such claims are construed as seeking a writ of habeas corpus or a writ of error coram nobis. Additionally, although the West Virginia Supreme Court of Appeals has suggested that the writ of coram nobis "may still be available in a post-conviction context when the petitioner is not incarcerated," *State ex rel. Richey v. Hill*, 603 S.E.2d 177, 184 n.10 (W. Va. 2004); *Kemp v. State*, 506 S.E.2d 38, 39 n.4 (W. Va. 1997), the Court (like the Magistrate Judge) expresses no opinion on the merits of such a claim or the possible outcome of any future proceeding.

C. *Other Objections*

To the extent that Petitioner contends that the PF&R is "legally and morally wrong" because he has a "compelling claim of actual innocence" (ECF 11 at 11) the Court rejects the objection. The petitioner in *Wilson* also asserted a claim of actual innocence, which claim was rejected by the court because "the strength of [Petitioner's] claim on the merits cannot confer subject matter jurisdiction on a federal habeas court." 689 F.3d at 339.

To the extent that Petitioner objects to the PF&R because Fed. R. Civ. P. 59(e) permits the Court to "alter or amend" his state court conviction (ECF 11 at 10), Petitioner is mistaken. Rule 59(e) is a rule of civil procedure that permits a court to alter or amend a judgment in limited circumstances.   Importantly, "[t]he rule permits a district court to correct *its own errors*, therefore, relieving the 'parties and appellate courts the burden of unnecessary appellate proceedings.'"  *Shreni v. Dep't of Treasury*, CIV.A. AW-07-2209, 2009 WL 7416999, at *1 (D. Md. Apr. 13, 2009) *aff'd*, 334 F. App'x 568 (4th Cir. 2009) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins.,* 148 F.3d 396, 403 (4th Cir.1998)) (emphasis added).   Because petitioner seeks relief related to a West Virginia state court criminal conviction, Rule 59(e) is inapplicable here.

Petitioner also asserts that the Magistrate Judge "argues as if he is Counsel for the respondents."  (ECF 11 at 1.)  To the extent that this can be construed as a general objection to the PF&R, the Court rejects it as conclusory.  *See Orpiano*, 687 F.2d at 47.  To the extent that this is a specific challenge to the Magistrate Judge's characterization of the alleged exculpatory evidence produced by Petitioner (ECF 8 at 6 n.3), the Court observes that such assessment was unrelated to the Magistrate Judge's recommendation concerning the absence of jurisdiction. Similarly, the Magistrate Judge's observation is unrelated to this Court's analysis.

The Court further observes that much of Petitioner's "Opposition and Objection" reiterates arguments made in his petition (ECF 2) and memorandum (ECF 3).  Because the Court lacks jurisdiction to consider those arguments, it does not address them here.

Finally, the Court denies Petitioner's request for an evidentiary hearing (ECF 3 at 14) because such a hearing is not warranted.

## IV.    CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections [ECF 11], **ADOPTS** the PF&R [ECF 8], **DENIES** Petitioner's 2254 petition [ECF 2], **DENIES** Petitioner's request for an evidentiary hearing, **DENIES** Petitioner's motion to proceed in federal court on a writ of habeas corpus [ECF 7], and **DENIES** Petitioner's application to proceed without prepayment of fees and costs [ECF 1], with the exception that the applicable filing fee is **ORDERED** waived.

The Court has also considered whether to grant a certificate of appealability.  *See* 28 U.S.C. § 2253(c).  A certificate will be granted only if there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–83 (4th Cir. 2001).  The Court concludes that the governing standard is not satisfied in this instance.  Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2254, Petitioner may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  The Court thus **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

8

ENTER:     March 13, 2014

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE